IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JASON TRENTER,<br><br>Plaintiff,<br><br>v.<br><br>AUSTIN BILLINGSLEY;<br>DEVONTE L. ALLEN;<br>OFFICER ——— CHAMBERS;<br>CLAYTON FEAGINS;<br>DERICK EIDAHL;<br>DEPUTY DOE;<br>and CITY OF VALLEY,<br>ALABAMA,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. ____________________<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff complains of defendants, stating as follows:

**Nature of the Action**

1. This is a civil action brought by plaintiff Jason Trenter against City of Valley, Alabama police officers, members of the Lee County, Alabama Sheriff's Office, and the City of Valley for violations of plaintiff's Fourth Amendment rights and for negligence. Acting without a warrant and without exigent circumstances, the defendant officers entered plaintiff's gated, posted private property in the middle of the night. When plaintiff invoked his Fourth Amendment right to decline a search of his person, an officer tackled him face-down onto the ground and another officer

kicked him in the face. Plaintiff was then arrested and falsely charged with Obstructing Governmental Operations.

**Jurisdiction and Venue**

2. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), and has supplemental jurisdiction over plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. This judicial district and division are the appropriate venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this suit occurred in Lee County, Alabama, which lies within the Eastern Division of the Middle District of Alabama.

**Parties**

4. Plaintiff Jason Trenter is of legal age and a citizen and resident of the State of Alabama.

5. Defendant Austin Billingsley was, at all relevant times, a police officer employed by the City of Valley, Alabama Police Department.

6. Defendant Devonte L. Allen was, at all relevant times, a police officer employed by the City of Valley, Alabama Police Department.

7. Defendant Officer Chambers was, at all relevant times, a police officer

employed by the City of Valley, Alabama Police Department.

8. Defendants Clayton Feagins, Derick Eidahl, and Deputy Doe[1] were, at all relevant times, deputies employed by the Lee County, Alabama Sheriff's Office.

9. Defendant City of Valley, Alabama is an Alabama municipality.

10. All individual defendants are sued in their individual capacities only.

## Facts

### City of Valley Officers Enter Posted Private Property Outside Their Jurisdiction to Search for a Suspect at a Neighboring Business

11. Plaintiff's family owns and operates storage units located at 13983 Lee Road 379, in Lee County, Alabama (the "Property"). The Property is gated and posted "Private Property/No Trespassing."

12. Plaintiff also owns a nearby business, located at 14001 Lee Road 379 ("The Store").

13. Both businesses are located in Lee County, Alabama.

14. Shortly after 1:51 a.m. on May 1, 2026, defendant Billingsley, a City of Valley police officer, drove into the parking lot of The Store after seeing a red truck with its door open.

15. Defendant Billingsley searched the truck with a flashlight and saw nothing amiss.

---

[1] Deputy Doe's name is not currently known to plaintiff.

16. At approximately 1:54 a.m., a second City of Valley police officer, defendant Allen, arrived and parked in front of the closed gate to the Property.

17. At approximately 1:56 a.m., defendants Billingsley and Allen lifted open the lock on the gate to the Property — notwithstanding the posted "Private Property/No Trespassing" signage and the lack of any basis for entering — and entered the Property with firearms and flashlights drawn.

18. At roughly the same time, defendant Chambers walked up.

19. Chambers, through radio communications and observation, was aware that defendants Billingsley and Allen intended to do an illegal entry and search. Chambers had the opportunity to intervene to stop the illegal search but failed to do so. Chambers just watched as the officers illegally entered.

20. After going inside the gate, the officers snuck up to the door to the storage unit where plaintiff, plaintiff's sister, and Robert Cole, the owner of the red truck were hanging out.

21. The officers heard nothing suspicious, just people talking with some music in the background.

22. At the time defendants Billingsley and Allen entered the Property, they had no warrant, no exigent circumstances, and no jurisdiction to be there; there was only an open truck door.

23. If the officers were legitimately just wanting to check regarding the owner of the red truck, the officers could easily have just yelled and plaintiff would have heard and come to the gate.

24. At approximately 2:02 a.m., three Lee County Sheriff's Office deputies — defendants Clayton Feagins, Derick Eidahl, and Deputy Doe — arrived at the Property and retrieved AR-15 rifles from their vehicles. Two of the deputies, Eidahl and Doe, approached the Property and joined the City of Valley officers.

25. Feagins was aware the other officers intended to do an illegal entry and search. Feagins had the opportunity to intervene to stop the illegal search but failed to do so. Feagins just watched as the officers illegally entered.

26. All five of the officers approached the Property with firearms and flashlights drawn.

27. One of the Lee County deputies, carrying an AR-15, knocked on the door of the storage unit where plaintiff, his sister, and Robert Cole were present.

28. Plaintiff answered the door. Officers explained they were looking for Robert Cole, the owner of the truck parked at The Store, and falsely claimed they had found a meth pipe and a gun inside Cole's truck.

29. Each of the officers was aware the allegation was false and had agreed to use the false allegations to justify the illegal entry and search.

30. Plaintiff and his sister told Cole he needed to go with the officers. Officers then took Cole into custody and walked him back toward The Store.

**Officer Billingsley Attempts an Unlawful Search of Plaintiff on Private Property; Billingsley Tackles Him and Deputy Eidahl Kicks Him in the Face**

31. At approximately 2:06 a.m., after Cole had been taken outside the gate, defendant Billingsley told plaintiff — who remained on his own side of the gate, on the Property — that Billingsley needed to search him.

32. Plaintiff declined, invoking his Fourth Amendment right to be free from a warrantless search, and told Billingsley that Billingsley was on private property and had no jurisdiction to be there.

33. Defendants Allen and Chambers were present and heard and saw plaintiff invoke his Fourth Amendment rights.

34. Billingsley tackled plaintiff face-down into the dirt and, with the help of other officers, cuffed plaintiff.

35. Defendants Allen and Chambers saw Billingsley tackle plaintiff.

36. Defendants Allen and Chambers saw there was no reason for the tackle.

37. Rather than intervening to protect plaintiff despite an opportunity to do so, defendants Allen and Chambers did not stop the takedown and arrest and, instead, assisted Billingsley in arresting plaintiff.

38. While plaintiff lay face-down and restrained on the ground, defendant Eidahl, who had also arrived to assist, kicked plaintiff in the face.

39. Billingsley then removed plaintiff from the Property, walked him to the parking lot of The Store, and placed him in the back of a patrol car.

**Officers Search the Property, Find Nothing, and Release Cole, but Arrest Plaintiff**

40. Between approximately 2:26 a.m. and 2:31 a.m., all of the officers, using flashlights, walked back onto the Property to search it for drugs or other contraband that could be used against plaintiff or Cole.

41. Defendants found nothing.

42. Officers made no arrest of Cole and allowed him to leave the scene.

43. Billingsley transported plaintiff to the Chambers County Jail and charged him with Obstructing Governmental Operations, in violation of Ala. Code § 13A-10-2.

44. Plaintiff's declining a warrantless search of his person did not involve intimidation, physical force, interference, or any other independently unlawful act, and did not obstruct, impair, or hinder any lawful governmental function.

45. Defendants lacked probable cause, or arguable probable cause, to arrest plaintiff for Obstructing Governmental Operations or for any other offense.

46. The arrest and assault were retaliation for plaintiff's invoking of his

Fourth Amendment rights, which was speech protected by the First Amendment.

47. The Obstructing Governmental Operations charge against plaintiff was placed on the administrative docket.

**Count I – 42 U.S.C. § 1983 – Unlawful Entry – Fourth Amendment – All Defendants**

48. As explained above, the identified individual defendants, acting under color of law within the meaning of 42 U.S.C. § 1983, without a warrant, consent, or exigent circumstances, entered onto the gated, posted, private Property, or authorized the entry, or failed to intervene to prevent the unlawful entry despite an opportunity to do so. These individual defendants thereby deprived plaintiff of his rights under the Fourth Amendment to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, they violated plaintiff's right to be free from unreasonable searches.

49. As a result of the conduct of defendants, plaintiff suffered physical and emotional injuries and damages.

**Count II – 42 U.S.C. § 1983 – Unlawful Post-Arrest Property Search – Fourth Amendment – All Defendants**

50. As explained above, the identified individual defendants, acting under color of law within the meaning of 42 U.S.C. § 1983, without a warrant, consent, or exigent circumstances, after plaintiff was arrested, conducted a search of plaintiff's

property or failed to intervene to prevent the unlawful search despite an opportunity to do so. These individual defendants thereby deprived plaintiff of his rights under the Fourth Amendment to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, they violated plaintiff's right to be free from unreasonable searches.

51. As a result of the conduct of defendants, plaintiff suffered physical and emotional injuries and damages.

**Count III – 42 U.S.C. § 1983 – Excessive Force – Takedown – Fourth Amendment – Defendants Billingsley, Allen, and Chambers**

52. As explained above, the identified individual defendants, acting under color of law within the meaning of 42 U.S.C. § 1983, tackled plaintiff face-down to the ground and physically restrained him without justification, when plaintiff posed no threat and had merely declined a warrantless search, or failed to intervene to stop the takedown despite a reasonable opportunity to do so. The individual defendants thereby deprived plaintiff of his rights under the Fourth Amendment to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, they violated plaintiff's right to be free from excessive force.

53. As a result of the conduct of defendants, plaintiff suffered physical and emotional injuries and damages.

**Count IV – 42 U.S.C. § 1983 – Excessive Force – Fourth Amendment – Defendant Eidahl**

54. As explained above, while plaintiff lay face-down and restrained on the ground and posed no threat, defendant Eidahl, acting under color of law within the meaning of 42 U.S.C. § 1983, kicked plaintiff in the face. This individual defendant thereby deprived plaintiff of his rights under the Fourth Amendment to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, he violated plaintiff's right to be free from excessive force.

55. As a result of the conduct of defendants, plaintiff suffered physical and emotional injuries and damages.

**Count V – 42 U.S.C. § 1983 – False Arrest – Fourth Amendment – Defendants Billingsley, Allen, and Chambers**

56. As explained above, the identified individual defendants, acting under color of law within the meaning of 42 U.S.C. § 1983, arrested and caused the prosecution of plaintiff for Obstructing Governmental Operations without probable cause, or arguable probable cause, to believe plaintiff had committed that offense or any other offense. These individual defendants thereby deprived plaintiff of his rights under the Fourth Amendment to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, they violated plaintiff's right to be free from unreasonable seizure.

57. As a result of the conduct of defendants, plaintiff suffered physical, emotional, and economic injuries and damages.

**Count VI – 42 U.S.C. § 1983 – Retaliation – First Amendment – Defendants Billingsley, Allen, and Chambers**

58. As explained above, the identified individual defendants, acting under color of law within the meaning of 42 U.S.C. § 1983, arrested and assaulted plaintiff without probable cause and without a warrant and in retaliation for plaintiff's protected speech. Defendants did thereby deprive plaintiff of his rights under the First Amendment to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, defendants violated plaintiff's right to be free from retaliation for exercising his free speech rights.

59. As a result of the conduct of defendants, plaintiff suffered physical, emotional, and economic injuries and damages.

**Count VII – State Law – Negligence – Defendant City of Valley, Alabama**

60. The conduct of defendants Billingsley, Allen, and Chambers described above was negligent.

61. Billingsley, Allen, and Chambers were, at all relevant times, acting within the line and scope of their employment with the City of Valley.

62. To the extent one or more of these officers was negligent, defendant City of Valley, Alabama is vicariously liable for their conduct under Alabama law,

including Ala. Code § 11-47-190.

63. As a result of the conduct of defendants, plaintiff suffered physical, emotional, and economic injuries and damages.

**Other Matters**

64. All conditions precedent to the bringing of this suit have occurred.

**Relief Sought**

65. As relief, plaintiff seeks the following:

a. That plaintiff be awarded such compensatory damages as a jury shall determine from the evidence plaintiff is entitled to recover;

b. That plaintiff be awarded against the individual defendants only such punitive damages as a jury shall determine from the evidence plaintiff is entitled to recover;

c. That plaintiff be awarded prejudgment and postjudgment interest at the highest rates allowed by law;

d. That plaintiff be awarded the costs of this action, reasonable attorney's fees pursuant to 42 U.S.C. § 1988, and reasonable expert witness fees;

e. That plaintiff be awarded appropriate declaratory relief; and

f. That plaintiff be awarded such other and further relief to which plaintiff is justly entitled.

**Dated: September 22, 2026.**

Respectfully submitted,

s/ Henry F. (Hank) Sherrod III

Henry F. (Hank) Sherrod III
No. ASB-1200-D63H
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, Alabama 35630
Phone: 256-764-4141
Fax: 877-684-0802
Email: hank@alcivilrights.com

Attorney for Plaintiff

**Jury Demand**

Plaintiff requests a trial by jury.

s/ Henry F. (Hank) Sherrod III
Henry F. (Hank) Sherrod III